Common Pleas Court of Lake County.

## STATE OF OHIO v. JESSE WINCHELL.

Decided January 28, 1933.

*Murray N. Goodrich,* special ass't. prosecutor, for the state.

*Lee W. Frazier* and *Seth Paulin,* for the defendant.

SLOCUM, J.

This case was tried to the court, a jury having been waived by the defendant. The indictment for assault and battery was as follows: Jesse Winchell late of said county, on or about the 4th day of September in the year of our Lord one thousand nine hundred and thirty-two at the county of Lake aforesaid, unlawfully committed assault and battery on Marko Arsulic in the following particular, to-wit; by shooting the said Marko Arsulic in the leg with a 22 caliber rifle bullet, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Ohio.

The evidence disclosed that the prosecuting witness, one Marko Arsulic, and the defendant, Jesse Winchell, were neighbors and owners of adjoining farms for some fifteen years. There had apparently been bad feeling between them, chiefly due to the fact that Arsulic kept chickens which he allowed to run loose, and they, after the manner of chickens, had wandered on the defendant's land and had scratched up his flowers, corn, etc. The defendant had told Arsulic to keep them off his premises, but the prosecuting witness, evidently not in sympathy with the teaching of the Scriptures—to love thy neighbor as thyself—had replied that his chickens could run where they d----d pleased and that Winchell would have to drive them off, if they came on his land.

On Sunday, September 4, 1932, about 8:00 a. m., these hungry chickens, adding insult to injury, again trespassed on Winchell's land, much to his chagrin, and, indignantly seizing his untrustworthy 22 caliber rifle, he shot at the offending chickens. He testified that he aimed low, but evidently he was a poor marksman, for the bullet missed the chickens, individually and collectively, carried some 150 or 200 feet over onto Arsulic's land and imbedded itself in the calf of his leg, as he was standing observing his good wife tie up some grape vines. The evidence tended to show that the defendant did not see the prosecuting witness or his wife, as the underbrush and shrubbery apparently hid them from his view.

The prosecuting attorney contended that the case at bar should be governed by the case of *Fishwick* v. *State*, 10 N. P. (N. S.) 110. This case held that where the prisoner ran over a pedestrian at a street crossing, while intentionally violating the statute as to speed, he was guilty of assault and battery and therefor the prosecutor argued that Winchell was guilty of assault and battery because, while intentionally violating Section 13048, General Code, making it an offense to shoot on Sunday, he accidentally shot Arsulic in the leg.

However, the court believes that the case at bar is controlled by the case of *Martin* v. *State*, 70 O. S. 219. This case, in construing Section 12817, General Code,

making it an offense to discharge a fire-arm on certain grounds, held that the discharge of fire-arms on one's own premises was not a violation of this section of the General Code and therefore unintentionally killing another thereby is not manslaughter.

The court is of the opinion that in the light of this decision it would be absurd to say that if the defendant in the above case had fired a gun on Sunday at 11:49 p. m. and unintentionally killed a man, he would have been guilty of manslaughter and subject to imprisonment in the penitentiary for one to 20 years but had he been fortunate enough to have held his fire until Monday at 12:01 a. m., he was guilty of no offense. Likewise, in the case at bar it would be unreasonable to hold that because the defendant violated Section 13048, General Code, by discharging a fire-arm on his own property on Sunday morning, while taking a pot shot at his neighbor's chickens and hitting his neighbor's calf instead, he was guilty of assault and battery; but if he had chased the troublesome chickens off with a broom stick on Sunday and then on Monday had, with erring aim, shot at them but hit his neighbor in the leg instead, he would be guilty of no offense.

For the reasons given above it is the opinion of the court that the defendant should be discharged.